RAFAEL BERMÚDEZ, demandante y apelante, *v.* PORTO RICO RAILWAY, LIGHT & POWER COMPANY, demandada y apelada.

Núm. 8655.—*Sometido:* Noviembre 10, 1943. *Resuelto:* Noviembre 18, 1943.

*F. R. Aponte,* abogado del apelante; *Brown, González & Newsom* y *Enrique Córdova Díaz,* abogados de la apelada.

EL JUEZ PRESIDENTE INTERINO SEÑOR TRAVIESO emitió la opinión del tribunal.

El demandante y apelante radicó ante la Corte de Distrito de Humacao una demanda en la que reclamaba a la compañía demandada la suma de $4,000 como indemnización por la destrucción de una casa de su propiedad, causada por un incendio que según alega fué originado por la negligencia de los empleados de la demandada.

En la demanda se alega que los alambres de la demandada "discurrían por la orilla de la carretera Núm. 3, que de Fajardo conduce a Río Piedras"; y "que en el kilómetro 36, hectómetro 6 de dicha carretera número 3, existía el 7 de marzo de 1941, continua a la carretera una casa propiedad del demandante". Esa casa es la que se alega fué destruída por el incendio. La corporación demandada compareció especialmente ante la corte inferior, radicó una moción eliminatoria y al mismo tiempo una moción solicitando el traslado de la causa a la Corte de Distrito de San Juan. Se basó dicha moción en la alegación de que los alegados daños y perjuicios fueron ocasionados en el pueblo de Río Grande, que forma parte del distrito judicial de San Juan; y que de acuerdo con el artículo 79 inciso 1ro. del Código de Enjuiciamiento Civil (Edición 1933) es en el distrito de San Juan donde debe celebrarse la vista del caso.

En noviembre 3 de 1942 la Corte de Distrito de Humacao declaró sin lugar la moción de traslado, basándose en que de acuerdo con lo alegado en la demanda, el kilómetro 36, hectómetro 6 de la carretera número 3, sitio donde se alega ocurrió el siniestro, está dentro de los límites de la jurisdicción de dicha corte. Nueve días más tarde, el 12 de noviembre de 1942, la demandada solicitó la reconsideración de la resolución denegando el traslado, alegando que el sitio descrito en la demanda como aquel en que ocurrió el siniestro, o sea el kilómetro 36, hectómetro 6 de la carretera número 3, queda dentro del barrio "Jiménez" que pertenece a la municipalidad de Río Grande, la cual está incluída dentro del distrito judicial de San Juan. En la moción de reconsideración se alegó, además, que no es exacto que el siniestro ocurriera en el sitio alegado en la demanda y sí "en la carretera que conduce desde la carretera insular número 3 hasta el campamento conocido por 'El Verde' cuyo trozo de carretera queda y está completamente dentro de la jurisdicción municipal del pueblo de Río Grande."

En 23 de noviembre de 1942 la corte inferior, después de considerar la prueba practicada por la parte demandada y de oír las alegaciones de ambas partes dictó una resolución dejando sin efecto la orden denegando el traslado y decretando el traslado del caso para la Corte de Distrito de San Juan. Es contra esa resolución que se ha interpuesto el presente recurso de apelación, el cual se basa exclusivamente en la alegación de que la Corte de Distrito de Humacao carecía de jurisdicción para reconsiderar la orden de traslado por haber sido solicitada la reconsideración después de haber expirado el término de cinco días fijado por el artículo 292 del Código de Enjuiciamiento Civil, según quedó enmendado por la ley número 67 de 8 de mayo de 1937 (Leyes de 1936–37, pág. 199).

No tiene razón el apelante. El artículo 292 del Código de Enjuiciamiento Civil se refiere exclusivamente a

la forma y manera en que deberán computarse los términos señalados por el mismo Código para revisar en apelación las sentencias o resoluciones dictadas por las cortes de distrito. Dicho artículo, antes de ser enmendado se limitaba a disponer que una sentencia o providencia dictada en un pleito civil podría ser revisada de acuerdo con lo prescrito en el Código y de ningún otro modo.

En el año 1937, la legislatura, con el propósito de poner fin al frecuente abuso de las mociones de reconsideración, hechas con el solo propósito de prorrogar indefinidamente el término para apelar de una sentencia o resolución, aprobó la ley número 67 de dicho año, fijando términos de quince y de cinco días para poder solicitar la reconsideración de una sentencia o de una resolución, respectivamente. De acuerdo con lo dispuesto en el artículo en su forma enmendada, cuando la corte rechaza de plano la moción de reconsideración, el término para apelar de la sentencia debe ser computado de acuerdo con las disposiciones del Código, de igual modo que si no se hubiese presentado petición alguna de reconsideración. Si la corte decide reconsiderar su sentencia o resolución u oír a las partes en cuanto a los méritos de la moción, en ese caso el término para apelar deberá computarse desde la fecha del archivo en los autos de una copia de la notificación de la resolución denegando la reconsideración a la parte perdidosa.

En el caso de autos no se trata de la computación del término concedido por la ley para apelar de la resolución de la corte inferior denegando el traslado. La cuestión envuelta es si habiendo llegado a la convicción de que su primera resolución era errónea, la corte inferior estaba o no facultada para enmendar su error y dictar una nueva resolución de acuerdo con los hechos probados.

A nuestro juicio la corte tenía esa facultad y la ejerció correctamente en el caso de autos. El artículo 7 del Código de Enjuiciamiento Civil dispone que toda corte tiene poder

"para inspeccionar y corregir sus providencias y órdenes con el fin de ajustarlas a la ley y a la justicia". Habiéndose probado a satisfacción de la corte inferior que el sitio donde ocurrió el siniestro está dentro de los límites de la municipalidad de Río Grande, la corte resolvió de acuerdo con la ley y la justicia que la parte demandada tenía derecho a insistir en que el juicio se celebrara ante la Corte de Distrito de San Juan.

El artículo 140 del Código de Enjuiciamiento Civil faculta a las cortes para que en bien de la justicia exima a cualquier persona de los efectos de una sentencia u orden que se hubiere dictado contra ella, por causa de equivocación, inadvertencia, sorpresa o excusable negligencia. La reconsideración decretada en este caso cae dentro de los límites de las facultades que a la corte inferior concede el citado artículo 140.

*Por las razones expuestas debe desestimarse el recurso y confirmarse la resolución recurrida.*